IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | CRIMINAL NO. 11-0271-WS |
| ) | |
| TRACIE LENORE EVERETTE, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

    This matter comes before the Court on defendant's Motion to Strike Information (doc. 71). The Motion has been briefed and is ripe for disposition.

    Defendant, Tracie Lenore Everette, has entered a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846 (conspiracy to manufacture methamphetamine) during a time period dating from in or about early 2009, to and continuing through September 29, 2011. In connection with that guilty plea, the Government agreed to dismiss all remaining counts against Everette once sentence is imposed.

    Prior to entry of Everette's guilty plea, the Government filed an Information to Establish Prior Conviction (doc. 69) pursuant to 21 U.S.C. § 851. That Information states that Everette has previously been convicted of two felony drug offenses, to-wit: (i) a conviction for possession/receipt of a controlled substance in case number CC2009-2628 in the Circuit Court of Mobile County, Alabama; and (ii) a conviction for possession/receipt of a controlled substance in case number CC2010-4385 in the Circuit Court of Mobile County, Alabama.[1] Through that filing, the Government would place Everette on notice that she is subject to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1).[2]

---

[1] Other information in the court file establishes that Everette was convicted in CC2009-2628 on December 3, 2009, and that she was convicted in CC2010-4385 on November 18, 2010.

[2] Count 1 of the Indictment charged that the amount of mixture and substance containing methamphetamine involved in the conspiracy exceeded 50 grams, thereby placing this case under the penalty provisions of § 841(b)(1)(B). Under that section, the enhancement
(Continued)

Everette now seeks to strike the Information on the theory that those prior convictions do not trigger the enhanced penalty provisions of § 841(b)(1)(B) in this case because they were not final when the subject offense became complete as to Everette.  In that regard, she reasons that the statutory language authorizes the enhancement only if the defendant "commits such a violation [of § 841(b)(1)(B)] ***after a prior conviction for a felony drug offense has become final***."  § 841(b)(1)(B) (emphasis added).  According to Everette, her conviction in CC2009-2628 became final on January 14, 2010, and her conviction in CC2010-4385 became final on December 30, 2010.[3]  Defendant maintains that, because Count 1 charges that the conspiracy began in early 2009, that conspiracy offense was complete as to Everette when she joined the conspiracy in early 2009, which predates the finality of the two felony drug convictions that the Government seeks to use for enhancement purposes.

The fundamental problem with Everette's argument is that the conspiracy as charged in Count 1 did not terminate as to her in early 2009; rather, by the terms of the Indictment, that conspiracy continued from early 2009 through September 2011.[4]  A § 846 conspiracy does not end at the moment its elements first come into existence; rather, it continues until such time as its purposes are abandoned or accomplished, or the defendant affirmatively withdraws from same.  *See generally United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003) ("A conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has

---

resulting from a prior conviction for a felony drug offense is a sentence of 10 years to life.  Without the enhancement, the statutory sentencing range is 5 to 40 years.

     [3]     In computing these dates, Everette begins with the notion that a conviction becomes final for § 841(b)(1) purposes when all avenues of direct appeal have been exhausted, such as when the time for filing an appeal has expired.  Everette did not pursue a direct appeal of either of her state-court felony drug convictions; therefore, those convictions became final 42 days after imposition of sentence, by operation of Rule 4(b), Ala.R.Crim.P.

     [4]     If, for example, the Indictment had charged that the § 846 conspiracy in Count 1 ran from early 2009 through December 2009, defendant would have a point, because the conspiracy would have concluded before her state-court felony drug convictions became final.  Here, however, the conspiracy (and Everette's involvement in same) lasted well beyond the January 14, 2010 date on which her conviction in CC2009-2628 became final.

terminated."); *United States v. Starrett*, 55 F.3d 1525, 1550 (11th Cir. 1995) ("The conspiracy may be deemed to continue as long as its purposes have neither been abandoned nor accomplished.  Furthermore, the conspiracy is presumed to exist until there has been an affirmative showing that it has terminated.").  Likewise, "[a] conspirator's participation in a conspiracy is presumed to continue until all activity related to the conspiracy ceases." *United States v. Odom*, 252 F.3d 1289, 1299 (11th Cir. 2001).  Here, all indications (in both the Indictment and the facts to which Everette agreed in conjunction with the guilty plea) are that the conspiracy, and Everette's involvement in same, continued at least through and including the date of her arrest on April 2, 2010.  Defendant does not argue otherwise.  Her felony drug conviction in CC2009-2628 was final several months before Everette's involvement in the conspiracy terminated; therefore, the enhancement applies.

      The premise of defendant's Motion is that, as long as any part of a conspiracy involving the defendant predates the date on which the enhancing felony drug conviction became final, that other conviction cannot be used for § 841(b)(1) enhancement purposes, even if the conspiracy (and the defendant's involvement in same) continued well after that date.  Defendant cites no law in support of such a proposition, and the Court is aware of none.  More importantly, the Eleventh Circuit has made clear that the mandatory minimum enhancement turns on the timing of a defendant's criminal activity, not the timing of when the subject conspiracy commenced (or when the defendant first joined the conspiracy).  *See Hagins v. United States*, 267 F.3d 1202, 1208 (11th Cir. 2001) ("because the intent of the enhancement provision is to target recidivism, the focus of the inquiry is on the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began") (citations and internal quotation marks omitted); *see also United States v. Williams*, 469 F.3d 963, 967 (11th Cir. 2006) (reaffirming that, for enhancement purposes, the test focuses on "the degree of criminal activity following the prior conviction's finality," such that enhancement applied even where less than two months elapsed between the time defendant's prior conviction became final and his arrest on § 846 charges); *United States v. Hansley*, 54 F.3d 709, 717 (11th Cir. 1995) (similar).  Everette identifies no facts from which it might be concluded that her involvement in the conspiracy (or the conspiracy itself) ended prior to the date on which her felony drug conviction in CC2009-2628 became final; to the contrary, the facts to which Everette stipulated in the Factual Resume show otherwise.

The *Hansley* / *Hagins* / *Williams* line of opinions teaches that, for purposes of applying the mandatory minimum enhancement for prior felony drug convictions, what is important is not when the conspiracy began or when the defendant first joined it (as Everette argues), but the extent to which the defendant's criminal activity persisted after the prior conviction became final. Thus, "[a] defendant's sentence must therefore be enhanced if there is 'continued involvement' in criminality subsequent to the prior conviction." *Williams*, 469 F.3d at 967-68 (citation omitted). It appears undisputed that both the conspiracy in which Everette was a member, and her involvement in same, continued after the date on which her conviction in CC2009-2628 became final. Accordingly, the enhancement provisions of § 841(b)(1)(B) properly apply here. Defendant's Motion to Strike Information (doc. 71) is **denied**.

DONE and ORDERED this 13th day of February, 2012.

                                                         s/ WILLIAM H. STEELE
                                                         CHIEF UNITED STATES DISTRICT JUDGE